ADR  E-Filing

FILED

JUN 15 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

99 # 890

1   **FARUQI & FARUQI, LLP**
    VAHN ALEXANDER (167373)
2   1901 Avenue of the Stars, Second Floor
3   Los Angeles, CA 90067
    Telephone: (310) 461-1426
4   Facsimile: (310) 461-1427
    valexander@faruqilaw.com
5
6   Antonio Vozzolo, Esq.
    Adam Gonnelli, Esq.
7   Christopher Marlborough, Esq.
    **FARUQI & FARUQI, LLP**
8   369 Lexington Avenue, 10th Floor
    New York, New York 10017
9   Telephone:  (212) 983-9330
    Facsimile:  (212) 983-9331
10
11  *Attorneys for Plaintiff*
12
13
14              **UNITED STATES DISTRICT COURT**
15              **NORTHERN DISTRICT OF CALIFORNIA**
16                    **SAN JOSE DIVISION**

                 CV11-02950 PSG

17  ROBERT A. DOUGLAS, on behalf of himself      Case No. _____
    and those similarly situated,
18
19                           Plaintiff      **CLASS ACTION COMPLAINT**
            v.
20                                          **JURY TRIAL DEMANDED**
    HAIER AMERICA TRADING, LLC and
21  GENERAL ELECTRIC COMPANY,
22                           Defendants.
23
24
25
26
27
28

                      CLASS ACTION COMPLAINT

1    Plaintiff Robert A. Douglas, by his undersigned attorneys, brings this class action complaint

2  against Haier America Trading, LLC and the General Electric Company. Plaintiff's allegations are

3  based upon personal knowledge as to his own acts and upon information and belief as to all other

4  matters.

5                                    **NATURE OF THE ACTION**

6    1.    This is a class action against Haier America Trading, LLC ("Haier") and the General

7  Electric Company ("GE") for selling freezers illegally in violation of the energy efficiency

8  standards established by the National Appliance Energy Conservation Act ("NAECA"), codified at

9  42 U.S.C. §§ 6291-6309, and for misrepresenting the energy efficiency of such freezers on the

10  ENERGYGUIDE labels affixed thereto. The "Mislabeled Freezers" include the following models:

11                                    Haier HMC050

12                                    Haier HNCM070E

13                                    Haier HUF205EA

14                                    GE Model FCM7SU (manufactured by Haier)

15    2.    NAECA establishes Federal standards for energy consumption for freezers and other

16  home appliances. The energy consumption standards vary depending on the size and configuration

17  of the freezer. For a 5 cubic-foot compact chest freezer, such as the Haier HMC050, the maximum

18  energy consumption allowed by NAECA is 242 kWh/yr (kilowatt-hours per year). For a 7 cubic-

19  foot compact chest freezer, such as the Haier HNCM070E and GE Model FCM7SU, the maximum

20  energy consumption allowed by NAECA is 279 kWh/yr. For a 20.5 cubic-foot upright freezer with

21  automatic defrost, such as the Haier HUF205EA, the maximum energy consumption allowed by

22  NAECA is 767 kWh/yr. Each of the Mislabeled Freezers consumes more energy than is permitted

23  by these standards.

24    3.    Haier and GE affixed ENERGYGUIDE labels to the Mislabeled Freezers that

25  substantially understated their actual energy consumption, and showed energy consumption levels

26  that complied with NAECA. Independent testing later showed those labels were false, and that the

27

28
                                               1

1  Mislabeled Freezers consumed substantially more energy than what was represented on the
2  EnergyGuide labels.

3        4.     Plaintiff Robert A. Douglas purchased a GE Model FCM7SU freezer on November
4  14, 2010. Mr. Douglas paid $168.00 plus $16.38 in sales tax to purchase this freezer. The energy
5  efficiency standards established by NAECA require this model to consume no more than 279
6  kWh/yr. Haier and GE marked this freezer with an ENERGYGUIDE label stating it consumed 277
7  kWh/yr. Independent testing later showed this freezer consumes 442 kWh/yr, which exceeds the
8  maximum energy consumption permitted under NAECA by 163 kWh/yr. Thus, it was illegal to sell
9  this freezer in the United States.

10        5.     If the truth about the energy efficiency of this freezer had been disclosed, Mr.
11  Douglas would not have purchased it, and neither Haier nor GE would have been permitted to sell
12  it, since it was illegal to sell this freezer in the United States.

13        6.     The truth about the Mislabeled Freezers was uncovered by independent testing
14  conducted by Consumer Reports. A summary of those test results is set forth below:

15

16

17

18

| MODEL | MAXIMUM ENERGY USE PERMITTED BY NAECA | LABELLED ENERGY USE | INDEPENDENT TEST RESULTS |
|-------|------|------|------|
| HAIER HCM050EC | 242* | 240 | 444 |
| HAIER HNCM070E | 279 | 276 | 442 |
| GE FCM7SUWW | 279 | 277 | 442 |
| HAIER HUF205EA | 767 | 689 | 943 |

24       *All energy use figures are reported in kWh/yr (kilowatt-hours per year).

25        7.     Mr. Douglas suffered a loss of money as a result of the illegal sale of the freezer in
26  the amount of the purchase price paid, $184.38. Mr. Douglas also has suffered and continues to
27  suffer loss of money in the form of increased energy costs. The Association of Home Appliance
28

1   Manufacturers ("AHAM") – which counts both GE and Haier among its members – estimates that

2   chest freezers have an average useful life of 18 years.[1]  The actual energy consumption of the

3   Mislabeled Freezer purchased by Mr. Douglas exceeds the maximum allowed by NAECA by 163

4   kWh/yr.  Over an assumed 18-year life of the freezer, starting with the average energy retail price

5   for residential consumers in Tennessee for 2010 (8.19 cents / kWh), and assuming energy prices

6   will experience a compound annual growth rate of 2.653%, Mr. Douglas will pay $337.85 in

7   additional energy costs, over and above what he would have paid if the freezer actually met the

8   maximum energy consumption standard permitted by NAECA.  Mr. Douglas will pay $342.00 in

9   additional energy costs, over and above what he would have paid if the freezer actually met the

10  energy consumption standard stated on its ENERGYGUIDE label.

11       8.     The loss of money in the form of increased energy costs can similarly be calculated

12  for each model purchased by class members, as illustrated below:

| MODEL | MAXIMUM ENERGY USE PERMITTED BY NAECA | LABELLED ENERGY USE | INDEPENDENT TEST RESULTS | EXCESS ENERGY COSTS OVER NAECA | EXCESS ENERGY COSTS OVER LABEL |
|---|---|---|---|---|---|
| HAIER HCM050EC | 242* | 240 | 444 | $ 418.69 | $ 422.84 |
| HAIER HNCM070E | 279 | 276 | 442 | $ 337.85 | $ 344.07 |
| GE FCM7SUWW | 279 | 277 | 442 | $ 337.85 | $ 342.00 |
| HAIER HUF205EA | 767 | 689 | 943 | $ 364.80 | $ 526.47 |

23  *All energy use figures are reported in kWh/yr (kilowatt-hours per year).

---

27  [1] AHAM's estimates of the Average Useful Life of Major Home Appliances are available at
    http://www.aham.org/industry/ht/a/GetDocumentAction/id/5271 (accessed June 13, 2011).

CLASS ACTION COMPLAINT

**THE PARTIES**

9.   Plaintiff Robert A. Douglas is a citizen of Tennessee who resides in Cleveland, Tennessee.

10.   Defendant Haier is a New York limited liability company with its principal place of business in New York, New York. Haier is a subsidiary of Haier Group, based in China. Haier is one of the world's leading manufacturers of consumer electronics and home appliances. Haier represents that it is "a leader for room air conditioner, compact refrigerator, and wine cellar sales, as well as a leading force in home appliances, compact laundry, compact freezer and HDTV sales." Haier manufactures and distributes freezers sold under the brand names Haier, GE, Kenmore, Maytag and Amana.

11.   Defendant GE is a New York corporation with its principal place of business in Fairfield, Connecticut. The company operates through five segments: Energy, Technology Infrastructure, NBC Universal, Capital Finance and Consumer & Industrial. As part of GE's Consumer and Industrial Segment, GE markets and sells home appliances, including its line of GE branded freezers manufactured by Haier.

**JURISDICTION AND VENUE**

12.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

13.   This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within California, such that Defendants have significant, continuous and pervasive contacts with the State of California. Defendant GE is also registered with the California Secretary of State to conduct business within California.

14.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims enumerated herein occurred in this judicial District, and Defendants transact significant business throughout this District and a prior related

4

1 action, styled *Collins v. Haier America Trading, LLC, et al.*, Case No. 11-02911 (HRL) (the

2 "*Collins* Action"), has been filed and is pending in this District.

3    15.    Pursuant to Civil Local Rule 3-2(e), the Federal Courthouse located in San Jose,

4 California is the proper location for this matter because the *Collins* Action has been filed and is

5 pending in this locale.

6                                **CLASS ACTION ALLEGATIONS**

7    16.    Plaintiff seeks to represent a class defined as all persons in the United States who

8 purchased a Mislabeled Freezer (hereafter, the "Class"). Excluded from the class are persons or

9 entities that purchased a Mislabeled Freezer for resale, Haier and its subsidiaries and affiliates, and

10 GE and its subsidiaries and affiliates.

11    17.    Members of the Class are so numerous that their individual joinder herein is

12 impracticable. Upon information and belief, members of the Class number in the tens of thousands.

13 The precise number of Class members and their identities are unknown to Plaintiff at this time but

14 will be determined through discovery. Class members may be notified of the pendency of this

15 action by mail and/or publication through the distribution records of Defendants and third party

16 retailers and vendors.

17    18.    Common questions of law and fact exist as to all Class members and predominate

18 over questions affecting only individual Class members. Common legal and factual questions

19 include, but are not limited to:

20        (a)    Whether the sale of the Mislabeled Freezers was illegal;

21        (b)    Whether Haier and GE misrepresented the energy efficiency of the

22 Mislabeled Freezers;

23        (c)    whether Class members suffered a loss of money or property as a result of the

24 illegal sales;

25        (d)    whether Class members suffered a loss of money or property as a result of

26 Haier's and GE's misrepresentations concerning the energy efficiency of the Mislabeled Freezers;

27 and

28
                                        5
                            CLASS ACTION COMPLAINT

1         (e)     whether Class members are entitled to damages, restitution, injunctive and/or

2 monetary relief and, if so, the amount and nature of such relief.

3       19.    Plaintiff's claims are typical of the claims of Class members because Plaintiff and

4 each member of the Class purchased a Mislabeled Freezer, and suffered a loss of money as a result

5 of that purchase.

6       20.    Plaintiff is an adequate representative of the Class because his interests do not

7 conflict with the interests of the Class members he seeks to represent, he has retained competent

8 counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

9 The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

10      21.    The class mechanism is superior to other available means for the fair and efficient

11 adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack

12 the resources to undergo the burden and expense of individual prosecution of the complex and

13 extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases

14 the delay and expense to all parties and multiplies the burden on the judicial system presented by

15 the complex legal and factual issues of this case.  Individualized litigation also presents a potential

16 for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

17 management difficulties and provides the benefits of single adjudication, economy of scale, and

18 comprehensive supervision by a single court on the issue of Haier's and GE's liability.  Class

19 treatment of the liability issues will ensure that all claims and claimants are before this Court for

20 consistent adjudication of the liability issues.

21 **COUNT 1**

22 **Unjust Enrichment**

23      22.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth

24 above as though fully set forth herein.

25      23.    Plaintiff brings this claim individually and on behalf of the members of the

26 nationwide Class against defendants Haier and GE.

27

28

6

1     24.    "The unjust enrichment claim can be made from common classwide proof."

2  *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a

3  nationwide class where plaintiff alleged defendants were unjustly enriched through a common

4  scheme.). "Although there are numerous permutations of the elements of the unjust enrichment

5  cause of action in the various states, there are few real differences.  In all states, the focus of an

6  unjust enrichment claim is whether the defendant was *unjustly* enriched.  At the core of each state's

7  law are two fundamental elements – the defendant received a benefit from the plaintiff and it would

8  be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus

9  of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D.

10  46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa.

11  2007).

12     25.    Plaintiff and Class members conferred a benefit on Haier and GE by purchasing the

13  Mislabeled Freezers.

14     26.    Haier and GE have been unjustly enriched in retaining the revenues derived from

15  Class members' purchases of the Mislabeled Freezers, which retention under these circumstances is

16  unjust and inequitable because the sale of the Mislabeled Freezers was illegal, and because Haier

17  and GE misrepresented the energy efficiency of the Mislabeled Freezers, and caused the Plaintiff

18  and Class members to lose money as a result thereof.  Plaintiff and Class members suffered a loss of

19  money as a result of Haier's and GE's unjust enrichment because: (a) they would not have

20  purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy

21  consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers

22  as more energy efficient than they actually were; (c) the Mislabeled Freezers did not perform as

23  promised; and (d) Plaintiff and Class members have paid and will continue to pay higher energy

24  costs for as long as they continue to use the Mislabeled Freezers.

25     27.    Because Haier's and GE's retention of the non-gratuitous benefit conferred on them

26  by Plaintiff and Class members is unjust and inequitable, Haier and GE must pay restitution to

27  Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

28

## COUNT 2

### Intentional Misrepresentation

28.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

29.     Plaintiff brings this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

30.     Haier and GE willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the Mislabeled Freezers.  These misrepresentations were contained in the ENERGYGUIDE labels Haier and GE affixed to each Mislabeled Freezer, as well as on Haier's and GE's websites, in various media advertising, and point of sale materials disseminated or caused to be disseminated by Haier and GE, and their officers, agents, representatives, servants, or employees of Haier and GE, acting within the line and scope of their authority, so employed by Haier and GE to merchandise and market the Mislabeled Freezers.

31.     Haier's and GE's representations were made with the intent that the general public, including Plaintiff and Class members, rely upon them.  Haier's and GE's representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

32.     In actual and reasonable reliance upon Haier's and GE's misrepresentations, Plaintiff and Class members purchased the Mislabeled Freezers for their intended and reasonably foreseeable purposes.  Plaintiff and Class members were unaware that the sale of the Mislabeled Freezers was illegal, and were unaware of the true facts concerning the energy efficiency of the Mislabeled Freezers, which facts Haier and GE suppressed and failed to disclose.  If Plaintiff and Class members had been aware of the suppressed facts, Plaintiff and Class members would not have purchased the Mislabeled Freezers.

33.     Plaintiff and Class members are informed and believe, and thereon allege, that Haier and GE misrepresented material facts with the intent to defraud Plaintiff and Class members.  Plaintiff and Class members were unaware of the intent of Haier and GE and relied upon the representations of Haier and GE in agreeing to purchase the Mislabeled Freezers.

34.     Plaintiff's and Class members' reliance on the representations of Haier and GE was reasonable.

35.     In actual and reasonable reliance upon Haier's and GE's misrepresentations, Plaintiff and Class members purchased the Mislabeled Freezers and experienced energy usage far above the levels represented, the direct and proximate result of which was injury and harm to Plaintiff and Class members because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually were; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiff and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

### COUNT 3

### Fraudulent Concealment / Nondisclosure

36.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

37.     Plaintiff brings this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

38.     Haier and GE knew at the time of sale that they had falsely reported the results of efficiency testing for the Mislabeled Freezers, and that such freezers did not meet the energy efficiency standards required by federal law or reported on the ENERGYGUIDE labels.

39.     Haier and GE fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class the actual energy consumption of the Mislabeled Freezers.

40.     Haier and GE had exclusive knowledge of the false energy efficiency ratings at the time of sale. The defect (excess energy consumption) is latent and not something that Plaintiff or Class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase, because it is not feasible for individual consumers to conduct their own energy efficiency testing prior to purchase.

41.     Haier and GE had the capacity to, and did, deceive Plaintiff and Class members into believing that they were purchasing freezers that could legally be sold in the United States, and also deceived Plaintiff and Class members about the energy efficiency of the Mislabeled Freezers.

42.     Haier and GE undertook active and ongoing steps to conceal the defect. Plaintiff is aware of nothing in Haier's and GE's advertising, publicity or marketing materials that discloses the truth about the defect, despite Haier's and GE's awareness of the problem.

43.     The facts concealed and/or not disclosed by HAIER to Plaintiff and the Class are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) a freezer.

44.     Haier and GE had a duty to disclose a proper estimate of the energy consumption of the Mislabeled Freezers at the time of sale, including on the ENERGYGUIDE label required by federal law.

45.     Haier and GE intentionally concealed and/or failed to disclose a proper estimate of the energy consumption of the Mislabeled Freezers for the purpose of inducing Plaintiff and the Class to act thereon.

46.     Plaintiff and the Class justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of the Mislabeled Freezers.

47.     Plaintiff and Class members suffered a loss of money as a result of Haier's and GE's fraudulent concealment and nondisclosure because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually were; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiff and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

## COUNT 4

### Negligent Misrepresentation

48.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

49.     Plaintiff brings this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

50.     Haier and GE represented that the Mislabeled Freezers were legal for sale in the United States, and that they had been tested and shown to have the levels of energy efficiency indicated on the ENERGYGUIDE labels.

51.     These representations were material facts that influenced Plaintiff's and Class members' purchase of the Mislabeled Freezers.

52.     Haier and GE made these representations with the intent to induce Plaintiff and Class members to act upon them purchasing the Mislabeled Freezers.

53.     At the time Haier and GE made these representations, Haier and GE knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

54.     Plaintiff and Class members justifiably and detrimentally relied on these representations and, as a proximate result thereof, have and will continue to suffer damages in the form of lost money from the purchase price and increased energy costs over the life of the Mislabeled Freezers.

55.     Plaintiff and Class members suffered a loss of money as a result of Haier's and GE's wrongful conduct because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually are; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiff and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

1

**PRAYER FOR RELIEF**

2       56.     WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

3    seeks judgment against Defendants, as follows:

4               a.      For an order certifying the nationwide Class under Rule 23 of the Federal

5                       Rules of Civil Procedure and naming Plaintiff as Class Representative and his

6                       attorneys as Class Counsel to represent the Class members;

7               b.      For an order declaring that Defendants' conduct violates the law as

8                       referenced herein;

9               c.      For an order finding in favor of Plaintiff and the Class on all counts asserted

10                      herein;

11              d.      For an order awarding compensatory, treble, and punitive damages in

12                      amounts to be determined by the Court and/or jury;

13              e.      For prejudgment interest on all amounts awarded;

14              f.      For an order of restitution and all other forms of equitable monetary relief;

15              g.      For injunctive relief as pleaded or as the Court may deem proper; and

16              h.      For an order awarding Plaintiff and the Class their reasonable attorneys' fees

17                      and expenses and costs of suit.

18                          **DEMAND FOR TRIAL BY JURY**

19          Plaintiff demands a trial by jury of all issues so triable.

20   Dated: June 15, 2011.                      Respectfully submitted,

21                                              **FARUQI & FARUQI, LLP**

22                                              By: _____

23                                                   VAHN ALEXANDER

24                                              1901 Avenue of the Stars, Second Floor
                                                Los Angeles, CA  90067
25                                              Telephone: (310) 461-1426
                                                Facsimile:  (310) 461-1427
26

27                                                       - and -

28                                         12
                              CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antonio Vozzolo, Esq.
Adam Gonnelli, Esq.
Christopher Marlborough, Esq.
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone:  (212) 983-9330
Facsimile:   (212) 983-9331

*Attorneys for Plaintiff*